UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL WILLIAM POTTER, JR.,

                Plaintiff,

v.                                           5:11-CV-1427
                                                 (GTS)
MICHAEL ASTRUE, Comm'r of Soc. Sec.,

                Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

SHANLEY LAW OFFICES                  P. MICHAEL SHANLEY, ESQ.
 Counsel for Plaintiff
3386 Main Street
P.O. Box 359
Mexico, NY 13114

U.S. SOCIAL SECURITY ADMIN.           MONIKA K. PROCTOR, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this Social Security action filed by Michael William Potter, Jr., ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 12, 13.) For the reasons set forth below, Defendant's motion is granted, and Plaintiff's motion is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on August 2, 1985. Plaintiff received special education services in school and graduated from high school "with an IEP" diploma. (T. 332.) He is unable to read or write. Plaintiff's work history consists of temporary jobs in construction and garbage removal. Generally, Plaintiff's alleged disability consists of a blood disorder, asthma, anger issues, attention deficit hyperactivity disorder (ADHD), learning disability, low intelligence and depression. His alleged disability onset date is August 2, 1985, and his date last insured is June 30, 2010.

### B. Procedural History

On March 23, 2010 Plaintiff applied for Social Security Disability Insurance and Supplemental Security Income. Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On March 8, 2011, Plaintiff appeared before the ALJ, John P. Ramos. (T. 24-54.) The ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act on April 29, 2011. (T. 7-23.) On October 7, 2011, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 12-20.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date. (T. 12.) Second, the ALJ found that Plaintiff's borderline intellectual functioning and reading disorder are severe impairments. (T. 12-14.) Third, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the

listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 15-16.) The ALJ considered listings 12.02 and 12.05. (*Id*.) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of work at all exertional levels as well as understand and follow simple oral instructions and directions, perform simple tasks with supervision and independently that do not require written record keeping, maintain attention and concentration for simple tasks, regularly attend to a routine and maintain a schedule, relate to and interact appropriately with others, and handle reasonable levels of simple, repetitive work-related stress. (T. 16-19.) Fifth, and finally, the ALJ determined that there are jobs that exist in the national economy that Plaintiff can perform. (T. 19-20.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues that the ALJ erred in failing to properly assess the medical opinions of Drs. Dennis M. Noia, Ph.D., and Lakshman Prasad, M.D. (Dkt. No. 12 at 7 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ erred in failing to consider his psychological limitations when assessing whether there are jobs in the national economy that he could perform. (*Id.* at 8-9.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues that the ALJ properly evaluated the medical evidence in determining Plaintiff's RFC. (Dkt. No. 13 at 10-13 [Def.'s Mem. of Law].) Second, Defendant argues that the ALJ properly found that there are jobs existing in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 14-16.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B. **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

5

## IV. ANALYSIS

### A. Whether the ALJ Erred in Failing to Properly Assess the Medical Opinions of Doctors Dennis M. Noia, Ph.D., and Lakshman Prasad, M.D.

After carefully considering the matter, the Court answers this question in the negative, generally for the reasons stated in Defendant's memorandum of law. (Dkt. No. 13 at 10-13 [Def.'s Mem. of Law].) The Court would only add the following analysis.

Plaintiff argues that the ALJ erred in placing unreasonable weight on the opinion of Dr. Noia, who is a psychologist, not a psychiatrist. Plaintiff also argues that the ALJ erred in giving little or no weight to the opinion of Dr. Prasad, who is Plaintiff's treating psychiatrist. Plaintiff further notes that the ALJ erred in relying on Dr. Noia's opinion because Dr. Noia did not have the benefit of reviewing Dr. Prasad's RFC evaluation of Plaintiff.

Under the "treating physician's rule," an ALJ must give controlling weight to the treating physician's opinion when (1) the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) the opinion is consistent with other substantial evidence in the record, such as opinions of other medical experts. 20 C.F.R. § 404.1527(d)(2); *Halloran v. Barnhart*, 362 F.3d 28, 31–32 (2d Cir.2004); *Brogan–Dawley v. Astrue*, No. 11–2907, 2012 WL 2096630, at *1 (2d Cir. June 12, 2012). The factors an ALJ should consider when determining the proper weight of a treating physician's opinion include the following: (1) frequency of the examination and the length, nature and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; and (4) whether the opinion is from a specialist. *See* 20 C.F.R. § 404.1527(d); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir.2000). Regulations require ALJs to set forth their reasons for the weight they assign to a treating physician's opinion. *Shaw*, 221 F.3d at 134.

As an initial matter, the Court dismisses Plaintiff's argument that an opinion of a psychologist is entitled to less weight than an opinion of a psychiatrist. Pursuant to Social Security regulations, evidence of an impairment may be provided by acceptable medical sources, which include both licensed treating physicians and licensed or certified treating psychologists. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). Dr. Noia has earned a doctorate degree in psychology and is a mental health professional. Accordingly, Dr. Noia's opinion is an acceptable medical source under the regulations and the ALJ did not err by relying on it in his decision. *See Genovese v. Astrue*, No. 11-CV-2054, 2012 WL 4960355, at *8 (E.D.N.Y. Oct. 17, 2012).

Here, in rendering his RFC determination, the ALJ noted that he assigned considerable weight to the opinion of Dr. Noia because Dr. Noia is a mental heath professional and because his opinion is generally consistent with the clinical evidence as well as the evidence of Plaintiff's daily activities. The ALJ further noted that Dr. Prasad's opinion was given little to no weight because it is not supported by the record and because the record does not include any treatment or examination notes from Dr. Prasad.

To be sure, the ALJ did not specifically acknowledge the length of Dr. Prasad's treatment of Plaintiff. However, the record reflects that Plaintiff was treated at Oswego County Behavioral Health from December 23, 2010, when he was seen by a licensed social worker, through February 8, 2011. (T. 331-338.) Further, Dr. Prasad specifically noted that Plaintiff was new to treatment. (T. 335.) The ALJ correctly acknowledged that the record is devoid of any treatment or examination notes from Dr. Prasad, and that further, the assessment notes from Plaintiff's first visit to Oswego County Behavioral Health do not support Dr. Prasad's opinion.[1] The ALJ also

---

[1] For example, the social worker noted that Plaintiff was "friendly and forthcoming with information," had an appropriate affect, "spoke in a clean and audible voice," and had adequate grammar and vocabulary skills. (T. 332-333.) The social worker also noted that while Plaintiff "talked a lot about his struggles to concentrate" and reported that "he becomes

7

noted that Dr. Prasad's opinion is not consistent with the opinion of Dr. Noia, who examined Plaintiff and tested his mental and intellectual functioning, nor is it consistent with Plaintiff's education records. Therefore, the ALJ did not err in assigning little or no weight to the opinion of Dr. Prasad because it is not supported by medically acceptable clinical and laboratory diagnostic techniques, and because it is not consistent with other substantial evidence in the record. Accordingly, the ALJ's determination is affirmed in this regard.

>    B.   **Whether the ALJ Erred in Finding That There Are Jobs That Exist in Significant Numbers in the National Economy That Plaintiff Can Perform**

After carefully considering the matter, the Court answers this question in the negative, generally for the reasons stated in Defendant's memorandum of law. (Dkt. No. 13 at 14-16 [Def.'s Mem. of Law].) The Court would only add the following analysis.

Plaintiff argues that the ALJ erred in relying on the opinion of a vocational expert, which was based on a hypothetical that did not include Plaintiff's psychological limitations as opined by his treating psychiatrist, Dr. Prasad.

To be sure, the ALJ did not obtain the opinion of a vocational expert in determining whether there are jobs in the national economy that Plaintiff can perform. However, the ALJ clearly decided that there are jobs in the national economy that Plaintiff can perform, giving consideration to his psychological impairments. Moreover, to the extent Plaintiff argues the ALJ erred in failing to consult a vocational expert, the Court disagrees.

At step five of the sequential analysis, the Commissioner can usually meet his burden to establish that, if a plaintiff is unable to perform his past work, there is other work which he could

---

distracted very easily," he was "oriented to time, place and person, and his memory did not seem to be impaired." (T. 333.) In contrast, Dr. Prasad reported that Plaintiff is markedly limited in the ability to understand and remember simple instructions, interact appropriately with the public, and interact appropriately with supervisors. In addition, Dr. Prasad reported that Plaintiff is extremely limited in the ability to interact appropriately with co-workers. (T. 336-337.)

8

perform, by reliance on the Medical–Vocational guidelines contained in 20 C.F.R. Part 404, Subpart P, App. 2, commonly referred to as "the Grids." *See Baldwin v. Astrue*, No. 07–CV6958, 2009 WL 4931363, at *20 (S.D.N.Y. Dec. 21, 2009). However, when a plaintiff suffers from significant non-exertional limitations that significantly limit his employment opportunities, exclusive reliance on the Grids is inappropriate. *See Baldwin*, 2009 WL 4931363, at *27 (citing *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir.1986)). "A plaintiff's range of potential employment is significantly limited when he suffers from the 'additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a [plaintiff's] possible range of work as to deprive him of a meaningful employment opportunity.'" *Id*. (quoting *Bapp*, 802 F.2d at 606).

Here, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of work at all exertional levels as well as understand and follow simple oral instructions and directions, perform simple tasks with supervision and independently that do not require written record keeping, maintain attention and concentration for simple tasks, regularly attend to a routine and maintain a schedule, relate to and interact appropriately with others, and handle reasonable levels of simple, repetitive work-related stress. "[T]he mere existence of a nonexertional impairment does not automatically preclude reliance on the guidelines." *Zabala v. Astrue*, 595 F.3d 402, 410-411 ( 2d Cir. 2010) (citing *Bapp*, 802 F.2d at 603). In *Zabala*, the court found that the ALJ's use of the Medical–Vocational Guidelines to conclude that plaintiff's non-exertional limitations did not result in an additional loss of work capacity was permissible where the plaintiff's mental condition did not limit her ability to perform unskilled work, including carrying out simple instructions. *See Zabala*, 595 F.3d at 411. Similarly, here the ALJ found that Plaintiff has the capacity to understand and follow simple oral instructions and directions. Moreover, the ALJ assessed Plaintiff's capacity after he
9

appropriately weighed and considered the record evidence regarding Plaintiff's psychological limitations. Therefore, the ALJ did not err in relying on the Grids to conclude, at step five of his analysis, that jobs exist in the economy that Plaintiff can perform. Accordingly, the ALJ's decision in this regard is affirmed.

ACCORDINGLY, it is

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: February 15, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge